IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>              Plaintiff,<br>v.<br><br>1738 HAIGHT STREET LLC; TAMAR FARAJIAN, DBA CANTANA COFFEE SHOP,<br><br>              Defendants. | Case No. 26-cv-784<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER ("Plaintiff") complains against 1738 HAIGHT STREET LLC; TAMAR FARAJIAN, DBA CANTANA COFFEE SHOP (collectively, "Defendants"), and alleges as follows:

## **SUMMARY**

1. This is a civil rights action brought by Plaintiff JAMES ALGER ("Plaintiff") for disability-based discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex commonly known as Cantana Coffee Shop, located at or about 1708 Haight St, San Francisco, CA 94117 (hereinafter, "Cantana Coffee Shop").

2. Plaintiff's claims arise from his visit to Cantana Coffee Shop in November 2025. Plaintiff seeks injunctive relief, damages, attorneys' fees, costs, and litigation expenses against Defendants, who are the owners, operators, lessors, and/or lessees of the subject premises. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Unruh Civil Rights Act, California Civil Code § 51 et seq.; the California Disabled Persons Act, California Civil Code § 54 et seq.; and the California Health and Safety Code, §§ 19955 et seq.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled Persons Act.

4. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

5. <u>Intradistrict Assignment</u>: This case should be assigned to the San Francisco/Oakland intradistrict because Plaintiff's claims arose in San Francisco County and the real property at issue is located in San Francisco County.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, a qualified individual with a physical disability as defined by 42 U.S.C. § 12102, Cal. Civ. Code §§ 51, et. seq., 52, et. seq., the California Disabled Persons Act, §§ 54, et seq., California Government Code §§ 12926, 12926.1, 11135, and other statutory measures which refer to the protection of the rights of "physically disabled persons." At all relevant times to this Complaint, Plaintiff is and was substantially limited in his ability to walk due to progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which substantially limits major life activities such as walking and performing tasks that require fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility.

7. Upon information and belief, Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at 1708 Haight St, San Francisco, CA 94117.

8. Plaintiff is informed and believes and thereon alleges that the subject facilities have been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with federal and California access standards applied at the time of each such new construction and/or alteration.

9. The business is a "public accommodation," business establishment," and "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., and the ADA, 42 U.S.C. §12101, et seq.

10. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

**FACTUAL ALLEGATIONS**

11. Cantana Coffee Shop is a facility open to the public, a place of public accommodation, and a business establishment. It is subject to the requirement of § 301(7) of the ADA (42 U.S.C. § 12181(7) and California Civil Code §§51, 51.5 and 54, et seq.

12. On November 7, 2025, Plaintiff visited Cantata Coffee Shop while exploring the Haight-Ashbury neighborhood as part of a sightseeing and holiday-shopping trip. It was a mild and sunny November day, and he decided to stop inside with the intention of ordering gelato and sitting down to enjoy it.

13. Plaintiff was able to enter the shop and proceed to the gelato counter to make a purchase. However, the interior layout immediately presented accessibility problems. The indoor seating consisted of tightly packed small café tables surrounded by fixed red chairs, with no adequate depth for someone using a mobility scooter or wheelchair. Plaintiff could not position his scooter at any of the tables in a way that would allow him to sit and enjoy his purchase.

14. The outdoor seating area had the same issue. The sidewalk tables were small, closely surrounded by chairs, and offered no tables with adequate depth where Plaintiff could pull up and use the table surface. All available tables, both inside and outside, were unusable for someone with a wheelchair or a mobility scooter.

15. Although Plaintiff was able to buy gelato from the counter, the lack of any accessible tables made it impossible to enjoy the purchase at the business as intended. Because of this, Plaintiff had to leave immediately after buying the gelato instead of being able to sit down and enjoy it on what was otherwise a pleasant, mild day.

16. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

1) The front entrance consists of two door leaves; the leaf serving the accessible route is not clearly identified with ISA signage.
2) The landing at the front entrance slopes more than 2% in one or more directions.
3) Door maneuvering clearances require surfaces with slopes not exceeding 1:48 (2%).

    4) No accessible seating was observed at exterior dining tables.

    5) No accessible seating was observed at interior dining tables.

    6) Window counter seating is over 34 inches high and does not provide a compliant accessible section.

    7) The POS counter is obstructed by objects and does not provide a clear accessible service portion at least 36 inches long.

    8) Furniture layout blocks the accessible path of travel to the window counter area.

    9) Openings at the threshold along the path of travel exceed 1/2 inch.

    10) Floor mats are torn and uneven, creating a tripping hazard along the accessible route.

17. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

18. If the subject premises are made accessible, including providing accessible table seating inside or outside, Plaintiff will return on future visits to San Francisco and would intend to buy and enjoy gelato at this café as originally planned. Plaintiff is deterred so long as the subject premises remain inaccessible.

19. The wrongful conduct of Defendants, did cause irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the 1991 and/or 2010 ADA Standards for Accessible Design and/or California Title 24 Building code requirements, and/or other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of said barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 and other similar rules, ordinances, regulations, statutes, and requirements, either then, now, or in the future.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

**(Against all Defendants and each of them)**

20. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

21. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

22. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

23. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

24. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

   b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

   c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a

failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

d. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable. 42 U.S.C. § 12183(a)(1).

e. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. Plaintiff alleges on information and belief that Cantana Coffee Shop was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA.

26. Here, Defendants violated the ADA by designing or constructing (or both) the Cantana Coffee Shop in a manner that did not comply with federal disability access standards even though it was practicable to do so.

27. Moreover, 28 CFR § 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by failing to ensure that the accessible features at Cantana Coffee Shop are adequately maintained.

28. Regardless of the construction and alteration history of the subject premises, the removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA. On information and belief, Defendants possess sufficient financial resources, ownership and operational control, and authority over the premises to implement the corrective measures. The required remediation consists primarily of low-cost, routine modifications, including installing International Symbol

of Accessibility signage to identify the accessible door leaf, regrading or reconstructing the entrance landing to comply with maximum slope requirements, providing compliant accessible seating at interior and exterior dining tables and window counter seating, clearing and maintaining an accessible point-of-sale counter, reconfiguring movable furniture to maintain accessible interior paths of travel, replacing noncompliant threshold assemblies, and repairing or replacing damaged floor mats along accessible routes. These measures involve minimal expense, and do not require significant construction or business interruption. The benefits of removing these barriers include ensuring safe, independent, and equal access for individuals with disabilities and bringing the facility into compliance with federal and state accessibility laws, and those benefits far outweigh any minimal cost or inconvenience to Defendants, do not fundamentally alter the nature of Defendants' business, and do not impose an undue financial or administrative burden.

29. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
**[Cal. Civil Code §§ 51 et seq.]**

**(Against all Defendants and each of them)**

30. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

31. The Cantana Coffee Shop is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

Case 3:26-cv-00784   Document 1   Filed 01/24/26   Page 9 of 15

32. Defendants are the owners and/or operators of a business establishment.

33. Defendants violated the Unruh Act by their acts and omissions:
    a. Failure to construct or alter the Cantana Coffee Shop in compliance with state building code and state architectural requirements ("CBC");
    b. Failure to remove known barriers to access at the Cantana Coffee Shop;
    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Cantana Coffee Shop;
    d. Failure to maintain accessible features in violation of CBC 11B-108;
    e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

34. Plaintiff has experienced barriers to access at the Cantana Coffee Shop, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code § 55.56(c). Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

35. On information and belief, the Cantana Coffee Shop is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

36. These barriers to access render the Cantana Coffee Shop inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

37. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
9

38. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Cantana Coffee Shop. Defendants' discriminatory practices and policies that deny full enjoyment of Cantana Coffee Shop to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

39. On information and belief, the access features of the Cantana Coffee Shop have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

40. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

41. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CAUSE OF ACTION:

### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §§ 54 *et seq.*]

### (Against all Defendants and each of them)

42. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

1 allegations contained in all paragraphs of this Complaint and incorporates them herein as if
2 separately repled.
3   43.   The Cantana Coffee Shop is a place of public accommodation and/or places to
4 which the public is invited and, as such, they must comply with the provisions of the DPA,
5 California Civil Code § 54 *et seq*.
6   44.   The DPA guarantees, among other things, that persons with disabilities have the
7 same right as the public to the full and free use of the streets, highways, sidewalks, walkways,
8 public buildings, public facilities, and other public places. Cal. Civil Code § 54.
9   45.   The DPA also guarantees, among other things, that persons with disabilities have
10 a right to full and equal access, as other members of the public, to accommodations, advantages,
11 facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).
12   46.   The DPA also provides that a violation of the ADA is *a per se* violation of the
13 DPA, Cal. Civil Code § 54.1(d).
14   47.   Defendants have violated the DPA by, among other things, denying and/or
15 interfering with Plaintiff right to full and equal access as other members of the public to the
16 accommodations, advantages, and its related facilities due to his disability, including, but not
17 limited to the following:
18   a.  Failure to construct or alter the Cantana Coffee Shop in compliance with the
19      CBC;
20   b.  Failure to remove known barriers to access at the Cantana Coffee Shop;
21   c.  Failure to modify policies and procedures as necessary to ensure Plaintiff full
22      and equal access to the accommodations, advantages, facilities, privileges, or
23      services of the Cantana Coffee Shop;
24   d.  Failure to maintain accessible features in violation of CBC 11B-108; and
25   e.  Violation of the ADA, including the 1991 and/or the 2010 Standards, a
26      violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).
27   48.   Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to

damages.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

### FOURTH CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

### (Against all Defendants and each of them)

49. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

50. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

51. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

52. On information and belief, portions of Cantana Coffee Shop and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Cantana Coffee Shop and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Cantana Coffee Shop

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
12

to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

53.     Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Cantana Coffee Shop and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

54.     On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

55.     Cantana Coffee Shop is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

56.     As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are

paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the Cantana Coffee Shop to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Cantana Coffee Shop in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable accommodation for persons with disabilities at the Cantana Coffee Shop;
   c. To ensure that persons with disabilities are not denied equal benefits at the Cantana Coffee Shop;
   d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"
   e. To maintain such accessible facilities once they are provided;
   f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Cantana Coffee Shop; and
   g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Cantana Coffee Shop.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory

damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: January 24, 2026                    ALLACCESS LAW GROUP

                                                                      */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 24, 2026                    ALLACCESS LAW GROUP

                                                                      */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER